ABEL GILBERT and wife, plaintiffs in error *v.* DAVID
MAGGORD, defendant in error.

*Error to Will.*

Where a mortgage was executed by G. and his wife, and judgment was rendered
upon a *scire facias* to foreclose the same, against G. and his wife: *Held* that the
wife was properly made a defendant, and that the judgment was not erroneous.
*Semble,* That in order to bar the wife's right of dower, she should be made a party
defendant, in a *scire facias* to foreclose a mortgage.
Where there is judgment on a demurrer against the party demurring, if he wishes
to avail himself in the Supreme Court, of the grounds raised by the demurrer,
he must stand by his demurrer in the Court below; otherwise he will be pre-
cluded from assigning for error the judgment of the Circuit Court.
By a rule of the Supreme Court, no errors will be enquired into, but such as are
assigned.

THIS cause was heard in the Will Circuit Court, before the
Hon. John Pearson. Judgment was rendered for the defendant
in error.

J. M. STRODE, J. GRANT, J. Y. SCAMMON, and G. SPRING, for
the plaintiffs in error.

J. BUTTERFIELD, for the defendant in error.

SMITH, Justice, delivered the opinion of the Court:

This was a proceeding under the statute, by *scire facias,* to
foreclose a mortgage. The defendants pleaded several pleas.
The plaintiff, in the Circuit Court, confessed the sixth plea of the
defendants, and replied new matters in avoidance.—To this repli-
cation the defendants demurred, which demurrer being overruled
by the Court, the defendants rejoined to the replication, and took
issue. The several issues were tried, and verdict and judgment
rendered for the plaintiff. It is now assigned for error, First,
that the writ is insufficient in law to maintain the action; Secondly,
That the Circuit Court erred in overruling the defendants' de-
murrer to the plaintiff's amended replication.

As to the first ground, it is not stated in what particular the
writ of *scire facias* was defective, or insufficient; and it does not
appear that any objection to it was made in the Court below,
other than such as was alleged and considered in the defendant's
sixth plea. There is consequently no other cause of objection
before this Court. On the argument, it was said that the wife of
the defendant in the Court below, had been improperly made a
party. She however appears to have pleaded and raised no ob-
jection, whatever, of a personal character.

But if it had been objected formally, in the Circuit Court, we
perceive no good reason why she, having signed the mortgage,
should not have been made a defendant in the proceedings. On

the contrary, there appears to be irresistible reasons why she should be joined and made a co-defendant, as she was one of the mortgagors, and it was necessary to foreclose her equity of redemption and right of dower, that a judgment should pass against her. The judgment is not *in personam* but *in rem*, and is only for the sale of the mortgaged premises, to satisfy the debt, damages, and costs of suit.

With regard to the second objection, it is to be remarked, that it has been frequently settled in this Court, that where there is judgment on a demurrer against the party demurring, if he wishes to avail himself of the grounds raised by the demurrer, in this Court, he must stand by his demurrer in the Court below,— otherwise he will be precluded from assigning for error the judgment of the Circuit Court. As the defendants in the Circuit Court must have asked leave to withdraw their demurrer, and rejoin to the plaintiff's replication, the correctness of the decision of the Court below on the demurrer, cannot now be enquired into.

By a standing rule of this Court, no other errors shall be enquired into, but such as are assigned. There might possibly be an exception to this rule in a case of an extreme character, where great injustice might result from a literal and rigid adherence to the rule; but we can perceive no reason for a departure from it in this case, and no other grounds can then be enquired into.

The judgment is affirmed with costs.

*Judgment affirmed.*

*Note.* See Peck v. Boggess, *Ante* 281; Buckmaster v. Grundy, *Ante* 310.